UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAMIEN HARRIS,

    Plaintiff,

v.

STATE OF WASHINGTON, ROB MCKEENA, BENARD WARNER, MICHAEL BOONE, SCOTT JACKSON, THURSTON COUNTY, THURSTON COUNTY NARCORTICS TASK FORCE, CITY OF LACEY, DUSTY PIERPOINT, KENNETH LUNDQUIST, LACEY POLICE DEPARTMENT, LORELI THOMPSON,

    Defendants.

CASE NO. C12-6008 RBL-KLS

ORDER DENYING PLAINTIFF'S MOTION TO COTINUE THE STAY IN THIS ACTION AND LIFTING THE STAY

    This civil rights matter has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Fed. R. Civ. P. 72. The case is before the undersigned on Plaintiff's motion to continue the stay entered in this action on February 27, 2013. Dkt. 31. At the time the stay was entered this action had been removed from state court and Mr. Harris had a personal restraint petition pending that challenged

ORDER DENYING PLAINTIFF'S MOTION TO
COTINUE THE STAY IN THIS ACTION AND
LIFTING THE STAY- 1

1 the propriety of several search warrants. Thus the facts in this civil rights action were
2 intertwined with the criminal matter. *See* Dkt. 17 (order granting stay). Defendants stated that
3 they did not object to the motion to stay the action. Dkt. 16.

4     One year after the stay was entered the undersigned ordered Mr. Harris to update the file
5 and explain the status of the action, (Dkt. 29), and Mr. Harris responded and has also filed a
6 motion asking that the stay be continued. Dkt. 30 and 31. Mr. Harris informs the Court that his
7 personal restraint petition has been denied and he plans to file a federal petition for a writ of
8 habeas corpus that challenges the issuing of search warrants. Dkt. 31.

9     Now that the state criminal collateral challenge has concluded, the undersigned does not
10 find good reason for continuing the stay in this action. Plaintiff faces no statute of limitations
11 barrier to re-filing his civil rights action if it is dismissed without prejudice because his claim
12 will not accrue unless and until Mr. Harris receives relief through habeas corpus. *See Heck v.*
13 *Humphrey*, 512 U.S. 477, 489 (1994). The Supreme Court stated:

14     Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A]
15 § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.
16 *Id*. at 489.

17     The undersigned **denies** Mr. Harris' motion to continue the stay and **lifts the stay** in this
18 case. Procedurally, Mr. Harris filed an amended complaint on February 27, 2014. Dkt. 18. The
19 undersigned will give Defendants who have been appeared until **August 1, 2014**, to file an
20 answer or other appropriate pleading.

21     //
22     //
23     //
24     //

ORDER DENYING PLAINTIFF'S MOTION TO
COTINUE THE STAY IN THIS ACTION AND
LIFTING THE STAY- 2

1      The Clerk is directed to send a copy of this Order to Plaintiff.

2      Dated this 5th day of June, 2014.

                                           Karen L. Strombom
                                           United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION TO
COTINUE THE STAY IN THIS ACTION AND
LIFTING THE STAY- 3