UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAMIEN HARRIS,

                Plaintiff,

  v.

MICHAEL BOONE, SCOTT JACKSON, KENNETH LUNDQUIST, LORELI THOMPSON

                Defendants.

No. C12-6008 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For: August 22, 2014**

Before the Court is Plaintiff's voluntary motion to dismiss. Dkt. 33. Defendants do not object to Plaintiff's motion to dismiss the action without prejudice. Dkt. 34, 35, and 36. The undersigned recommends that the motion be granted and the case dismissed without prejudice.

**BACKGROUND**

Plaintiff, Damien Harris, filed his original complaint in this 42 U.S.C. § 1983 case on November 26, 2012. Dkt. 1. Defendants filed answers in November and December of 2012. 2012. Dkt. 7, 12, and 13. On December 10, 2012, Mr. Harris filed a motion to stay the action so that he could exhaust his claims in state court. Dkt. 11. The Court granted Mr. Harris' motion and the case remained stayed until the undersigned ordered Mr. Harris to file a status report. Dkt. 29. Mr. Harris filed a report in March of 2014. Dkt. 30. In April of 2014 Mr. Harris

REPORT AND RECOMMENDATION - 1

reported that state proceedings were completed and he asked that the stay continue while he filed a federal habeas corpus action. Dkt. 31. The undersigned denied that motion explaining that Mr. Harris' cause of action would not accrue until Mr. Harris receives relief through habeas corpus. Dkt. 32. Mr. Harris filed a motion to dismiss the action without prejudice. Dkt. 33. Defendants do not object. Dkt. 34, 35, and 36.

## DISCUSSION

Federal Rule of Civil Procedure Rule 41(a) governs the voluntary dismissal of an action in federal court. Rule 41(a)(2) provides that unless a plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or the parties stipulate to the dismissal of the action, "[a]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper ...." Fed. R. Civ. P. § 41(a)(2). The decision to grant or deny a motion pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and may be reviewed only for abuse of that discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir.1980).

A motion for voluntary dismissal pursuant to Rule 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir.2001); *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir.1989) (stating that the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced ... or unfairly affected by dismissal."). Rule 41 provides that orders that fail to specify whether dismissal is with or without prejudice are to be interpreted as dismissals without prejudice. Fed. R. Civ. P. 41(a)(2); *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). However, the rule gives the Court a broad grant of discretion and it "does not contain a

REPORT AND RECOMMENDATION - 2

preference for one kind of dismissal or another." *Hargis*, 312 F.3d at 412; 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2367 (3d ed. 2007) ("if the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the court. The trial court may grant a Rule 41(a) dismissal without prejudice or may require that the dismissal be with prejudice.").

In this defendants do not object to Mr. Harris' request to dismiss the action without prejudice. Therefore, the Court should grant Plaintiff's motion to dismiss this matter without prejudice. Dkt. 33.

**WRITTEN OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 22, 2014**, as noted in the caption.

**DATED** this 7th day of August, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3